Mr. Justice DAVIS
delivered the opinion of the court.
There are, in this record, two questions for consideration. Was. Sutherland entitled to invoke the interposition of a court of equity; and if so, did the .evidence -warrant the court below in perpetuating the injunction ?
It is contended that the injunction should have been refused, because there was a complete remedy at law. If the remedy at law is sufficient, equity cannot,give relief, “but it is not enough that there is a remedy at law-; it must be plain and ádeqúate, or in other words, as practical and efficient to the ends of justice, and it’s prompt administration, as the remedy in equity.”† How could Sutherland be compensated at law, for the injuries he would suffer,- should the grievances of which he complains be consummated?
If the appellants made the levy, and prosecuted it in good faith, without circumstances of aggravation, in the honest belief, that Wroth & Fullerton 'owned the stock of goods (which they swear to in their answer), and it should turn out, in an action at law instituted by Sutherland for the trespass, that the-merchandise belonged exclusively to him; it is well settled that the measure of damages, if the property were not sold, could not extend beyond the injury done to it, or, if sold, to the value of it, when taken, with interest from the time of the taking down to the trial.‡
*79 And this is an equal rule, whether the suit is against the marshal or the attaching creditors, if the proceedings are fairly conducted, and there has been no abuse of authority. Any harsher rule would interfere to prevent the assertion of rights honestly entertained, and which should be judicially investigated and settled. “ Legal compensation refers solely to the injury done to the property taken, and not tó any collateral or consequential damages, resulting to the owner., by the trespass.”* Loss of trade, destruction of credit, and failure of business prospects, are collateral or consequential damages, which it is claimed would result from the trespass, but for which compensation cannot be awarded in a trial at law.
Commercial ruin to Sutherland might, therefore, be the effect of closing his store and selling his goods, and yet the common law fail to reach the misehiéf. To prevent a consequence like this, a court of equity steps in, arrests the proceedings in limine; brings the parties before it; hears their allegations and proofs, and decrees, either that the proceedings shall be unrestrained-, or else perpetually enjoined. The absence of a plain and adequate remedy at law affords the only test of equity jurisdiction, and the application of this principle to a particular case, must depend altogether upon the character of the case, as disclosed in the pleadings. In the case we are considering, it is very clear that the remedy in equity could alone furnish relief, and that the ends of justice reqhired the injunction to be issued.
The remaining question in this case is one of fact.
The appellants, in their answers, deny that the property was Sutherland’s, but insist that it was fraudulently purchased by him of Wroth & Fullerton, and is subject to the payment of their debts. It seems that Wroth & Fullerton had been partners in business in Baltimore, and suspended payment in.March, 1861, in debt to the appellants, besides other creditors. Although the appellants did not recover judgments against them until after; their sale to *80 Sutherland, yet other creditors did, who were delayed in consequence of the then existing laws of Maryland, which provided that executions should be stayed until the 1st- of November, 1862. Taking advantage of this provision of law, the answer charges that Wroth & Fullerton, after their failure, collected a large portion of their assets, but appropriated to the. payment of their debts only a small portion thus realized, and used the residue to buy the very goods in question, which Sutherland fraudulently purchased from .them on the 27th of October, 1862, in execution of a combination and conspiracy with them to hinder, delay, and defraud their creditors. The answers also deny that the injury to Sutherland would be irreparable, even if the stock were his, and insist that he could be amply compensated by damages at law. After general replication was filed, proofs were taken, but, as in all contests of this kind, there was a great deal of irrelevant testimony, and' very much that had only a remote bearing on the question at issue between the parties. It is unnecessary to discuss the facts of this ease, for it would serve no useful purpose to do so. We are satisfied, from a consideration of the whole evidence, that Wroth & Fullerton acted badly, but that Sutherland was not a party to any fraud which they contemplated against their creditors, and that he made the purchase in controversy, in good faith, and for an honest' purpose.
The evidence also shows conclusively, that had not the levy been arrested by injunction, damages would have resulted to Sutherland, which could not have been repaired at law.
The decree of the Circuit Court is, therefore,
Affirmed.

 Boyce’s Exrs. v. Grundy, 3 Peters, 210.

 Conard v. Pacific Ins. Co., 6 Peters, 272, 282.

 Pacific Ins. Co. v. Conard, 1 Baldwin, 142.