■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK GARRAWAY, Appellant. [726 NYS2d 846] —Judgment, Supreme Court, Bronx County (John Stackhouse, J.), rendered September 23, 1997, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court's rulings on applications made by both defendant and the People pursuant to *Batson v Kentucky* (476 US 79) were proper. Defendant has failed to preserve his contentions that the court failed to follow the three-step *Batson* protocols and that the People's explanations for their peremptory challenges were pretextual (*see, People v Allen*, 86 NY2d 101, 109-110), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court sufficiently complied with the three-step procedure (*see, People v Hameed*, 88 NY2d 232, 237, *cert denied* 519 US 1065), and properly determined that the People's explanations were non-pretextual. These explanations involved acceptable criteria (*see, People v Mancini*, 219 AD2d 456, *lv denied* 86 NY2d 844; *People v Manigo*, 165 AD2d 660), and the court's finding that the explanation was not pretextual is entitled to great deference (*People v Hernandez*, 75 NY2d 350, *affd* 500 US 352), especially since matters of demeanor are involved. The record also supports the court's finding that it was pretextual with respect to a prospective juror peremptorily challenged by defense counsel. In making that finding, the court similarly employed its unique opportunity to evaluate the credibility of a demeanor-based explanation.

The court properly permitted the People to impeach their own witness by a prior written statement that inculpated de-

fendant. The witness's trial testimony was not merely unhelpful, but affirmatively damaged the People's case by tending to prove that the person who fired the fatal shot could not have been defendant (*see*, CPL 60.35; *People v Fitzpatrick*, 40 NY2d 44).

Defendant has failed to preserve for appellate review his contentions with respect to the prosecutor's summation and we decline to review them in the interest of justice. Were we to review these claims, we would find that although some of the prosecutor's comments were better left unsaid, in light of the absence of any obdurate pattern of inflammatory remarks, reversal is unwarranted (*see*, *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

On the record before us, defendant received meaningful representation (*see*, *People v Benevento*, 91 NY2d 708, 713-714).

We perceive no basis for reduction of sentence.

We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Nardelli, J. P., Williams, Tom, Mazzarelli and Marlow, JJ.