07-2302-pr
Garraway v. Phillips

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2008

(Argued: April 7, 2009          Decided: January 7, 2010)

Docket No. 07-2302-pr

- - - - - - - - - - - - - - - - - - - -x

MARK GARRAWAY,

                    Petitioner-Appellant,

          - v.-

WILLIAM PHILLIPS, Superintendent of Green
Haven Correctional Facility and ROBERT
JOHNSON, JR., District Attorney of Bronx
County,

                    Respondents-Appellees.

- - - - - - - - - - - - - - - - - - - -x

          Before:          JACOBS, Chief Judge, WALKER, and LEVAL,
                           Circuit Judges.

          Appeal from denial of a petition for habeas corpus

relief in the United States District Court for the Southern

District of New York (Rakoff, J.).  During his trial for

second-degree murder, petitioner Mark Garraway objected to

the prosecution's exercise of peremptory strikes to remove

seven African-American potential jurors from the venire,

alleging a violation of Batson v. Kentucky, 476 U.S. 79 (1986).  The prosecution proffered reasons for the removal of all but one of the seven identified potential jurors (also proffering a reason for a strike that was not challenged); the trial court determined that the reasons were legitimate and non-discriminatory, and denied the objection.  Garraway argues that the prosecution's inadvertent failure to explain one of the challenged strikes rendered his trial constitutionally infirm.  We disagree and affirm the denial of the petition.

ROBERT J. BOYLE, Law Office of Robert J. Boyle, Esq., New York, NY, for Petitioner-Appellant.

CHRISTOPHER J. BLIRA-KOESSLER, Assistant District Attorney (Joseph N. Ferdenzi, Assistant District Attorney on the brief), for Robert T. Johnson, District Attorney, Bronx County, Bronx, NY, for Respondents-Appellees.

DENNIS JACOBS, Chief Judge:

Mark Garraway appeals from the denial of his 28 U.S.C. § 2254 petition for habeas corpus relief by the United States District Court for the Southern District of New York (Rakoff, J.).  A jury convicted Garraway of second-degree murder in 1997.  During voir dire, Garraway objected to the

2

prosecution's exercise of peremptory strikes to remove seven African-Americans from the petit jury pool. The New York Supreme Court, Bronx County, ruled that Garraway had established a prima facie case under Batson v. Kentucky, 476 U.S. 79 (1986), and required the prosecutor to proffer legitimate, non-discriminatory reasons for striking those seven individuals. The prosecutor gave seven explanations, but one of the strikes he explained had not been challenged, leaving one challenged strike unexplained. This omission was evidently missed by the prosecutor and the judge. Garraway noted his general "exception" without objecting specifically to the prosecutor's failure to explain the seventh challenged strike. The trial court denied Garraway's Batson objection.

On direct appeal, the Appellate Division ruled that Garraway had not preserved the Batson issue for review and, in the alternative, that the trial court complied with the requirements of Batson. People v. Garraway, 284 A.D.2d 262, 262 (1st Dep't 2001). Garraway's habeas petition argues that the prosecutor's failure to proffer a race-neutral reason for the final challenged strike rendered his trial constitutionally infirm. We find that as a matter of

federal Batson law, Garraway forfeited his objection; therefore, we affirm the district court's denial of the petition.

## I

The state trial court ruled that Garraway had established a prima facie case under Batson based on the prosecution's peremptory strikes of seven African-American potential jurors, and required the prosecution to proffer legitimate, race-neutral reasons for the strikes.[1] The prosecution proceeded to explain five strikes: four strikes that were challenged, and one strike that was not. Garraway's attorney did not point out the error. The prosecutor added: "I believe I have responded to each of the challenges. If I have left someone out--." The trial judge assisted in adducing the name of an additional strike at issue and the prosecutor himself remembered another, both of which the prosecution explained. The court found that the prosecutor gave legitimate and non-discriminatory reasons, and overruled Garraway's Batson objection.

---

[1] The trial court described the chosen jury at the time of the Batson challenge as including two African-American females, two white females, and four Hispanic females.

4

It is uncontested that the prosecution never proffered an explanation for the exclusion of Margaret Martin, the seventh member of the venire originally named by the defense. Garraway's attorney did not object to the prosecution's failure to explain Martin's removal, and--assuming that he noticed what the judge and prosecution had not--did not bring it to the attention of the court or the prosecution. Following the court's ruling, Garraway's attorney asked: "I have my exception, Your Honor?" to which the court replied: "You have an exception."

Garraway was convicted of second-degree murder and sentenced to an indeterminate term of 25 years to life in prison. In affirming the judgment, the Appellate Division ruled that:

> [Garraway] has failed to preserve his
> contentions that the court failed to
> follow the three-step Batson protocols
> and that the People's explanations for
> their peremptory challenges were
> pretextual . . . . Were we to review
> these claims, we would find that the
> court sufficiently complied with the
> three-step procedure, and properly
> determined that the People's explanations
> were nonpretextual.

People v. Garraway, 284 A.D.2d 262, 262 (1st Dep't 2001) (internal citations omitted). The Court of Appeals (Wesley,

J.) denied leave to appeal. People v. Garraway, 97 N.Y.2d 656, 656 (2001).

Garraway filed a petition in the Southern District of New York seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. He argued that the prosecution's failure to explain the removal of Martin rendered his trial constitutionally infirm. The district court referred Garraway's petition to a magistrate judge who issued a Report and Recommendation, concluding (in pertinent part) that: (i) Garraway's claim regarding Martin was not procedurally barred; and (ii) the trial court erred in failing to require the prosecution to proffer a legitimate, race-neutral reason for Martin's strike. The magistrate judge recommended that the petition be granted insofar as it concerned Martin, and that the matter be remanded to the state trial court for a reconstruction hearing.

The district court concluded that remand to the state trial court was unnecessary "because there is no potential Batson problem to be clarified." Garraway v. Phillips, 02 Civ. 9657 (JSR), 2007 U.S. Dist. LEXIS 33482, at *3 (S.D.N.Y. May 4, 2007) (Memorandum Order). The district court found that the prosecutor "inadvertently neglected" to

mention Martin's strike, and that the prosecutor made that "inadvertent omission" because he was "momentarily confused." Id. at *2-4. The district court reasoned that the prosecution's failure to proffer an explanation for one of seven challenged strikes did not automatically result in a Batson violation, and that the trial court was entitled to take the prosecution's explanations of the other peremptory strikes into account in determining that none of the strikes was racially motivated. Id. at *3-5.

This Court granted a certificate of appealability "on the sole issue of whether the district court erred in its application of Batson v. Kentucky, 476 U.S. 79, 96-98 (1986), in regard to venireperson Margaret Martin." Garraway v. Phillips, No. 07-2302-pr (2d Cir. Dec. 20, 2007) (Order).

**II**

We review de novo a district court's decision to grant or deny a petition for writ of habeas corpus, although we must accept the district court's factual findings "save for clear error." Anderson v. Miller, 346 F.3d 315, 324 (2d Cir. 2003).

When a state court has decided a case on an independent and adequate state ground--whether substantive or procedural--we decline to review the state court's decision. Garcia v. Lewis, 188 F.3d 71, 76-77 (2d Cir. 1999). "[A] procedural bar will be deemed 'adequate' only if it is based on a rule that is 'firmly established and regularly followed' by the state in question." Id. at 77 (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)). The parties dispute whether or not the Appellate Division's application of the state's contemporaneous objection rule was firmly established; but we need not decide that question, because in either event there was no violation of the Constitution. Cf. Garraway v. Phillips, 02 Civ. 9657 (JSR), 2007 U.S. Dist. LEXIS 33482, at *3-5 (S.D.N.Y. May 4, 2007) (Memorandum Order) (ruling on the merits without discussing state procedural bar).

**III**

Under the three-step Batson analysis, once a party has objected to a peremptory strike and established a prima facie case of racial discrimination, "the burden of production shifts to the proponent of the strike to come

8

forward with a race-neutral explanation." Purkett v. Elem, 514 U.S. 765, 767 (1995).

"The Supreme Court made clear that in order to claim the rights specified in Batson, the defendant must object in 'timely' fashion." McCrory v. Henderson, 82 F.3d 1243, 1247 (2d Cir. 1996) (quoting Batson, 476 U.S. at 99). There are several important reasons for requiring a timely objection. Granting a remedy after the trial "give[s] the defendant a strong inducement to delay raising the objection" in order to "test his fortunes with the first jury, preserving the opportunity for a mistrial and a second round in the event of a conviction." McCrory, 82 F.3d at 1247. And by sitting on an objection, the defendant can prevent the prosecution from presenting a race-neutral explanation until after the trial, when the prosecutor may no longer recall what happened. See United States v. Forbes, 816 F.2d 1006, 1011 (5th Cir. 1987). "Because challenges are often based on such subtle, intangible impressions, the reasons for exercising the challenges may be quite difficult to remember if an objection is not raised promptly." McCrory, 82 F.3d at 1248. Further, the failure to make a timely objection limits the court's ability to make an informed ruling on the

prosecution's proffered race-neutral explanation. "[A] court's determination of whether a prosecutor has used [peremptory strikes] in a discriminatory fashion will often turn on the judge's observations of prospective jurors and the attorneys during voir dire and an assessment of their credibility [and therefore]. . . [i]t is nearly impossible for the judge to rule on such objections intelligently unless the challenged juror either is still before the court or was very recently observed." Id. (internal citations omitted).

This case illustrates the critical need for timely objection. Garraway was convicted in 1997 (over 12 years ago); the prosecutor, now living in Arizona, no longer specifically recalls the individual jurors; and the case file has been destroyed. A reconstruction hearing may no longer be feasible. The remedy of a new trial still would be available to Garraway, but there can be no remedy for venireperson Martin, who had a right to serve as a juror without suffering racial discrimination, or for the court system, which is alleged to have held a trial corrupted by racial bias. See Georgia v. McCollum, 505 U.S. 42, 48 (1992). These considerations support the conclusion that a

10

defendant forfeits a Batson objection unless it is made before the end of jury selection. See, e.g., McCrory, 82 F.3d at 1249. These considerations justify finding forfeiture in this case as well.

We hold that, by failing to advise the prosecutor or the court that explanations were offered as to fewer than all of several challenged strikes, the defendant has forfeited his Batson claim. Cf. Forbes, 816 F.2d at 1011 (holding that it was "too late for appellants to insist on an explanation they did not request at trial" when the prosecutor stated he believed he had sufficiently responded to the defendant's Batson motion, the court asked the defendant for a response, and the defendant failed to note that the prosecutor did not give a race-neutral explanation for one of the three challenged strikes). The circumstances here are especially compelling: the prosecutor made an "inadvertent omission" after soliciting input as to whether he had forgotten to explain any of the challenged strikes. See id.; cf. Richardson v. Greene, 497 F.3d 212, 219 (2d Cir. 2007) (holding that New York preservation grounds were not satisfied because there, as here, "[t]he record is devoid of any indication that anyone at trial conceived of

11

the crucial issue").

"[T]he ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike." Purkett, 514 U.S. at 768. Even when the prosecutor cannot recall the reason for a strike, and has nothing to say, the trial judge may nevertheless find that the strike was not discriminatory. See Johnson v. California, 545 U.S. 162, 171 & n.6 (2005) (holding that a prosecutor's silence at step two of the Batson inquiry was one factor among others for the trial judge to consider at step three). The burden therefore remained on Garraway to press the objection as to Martin when it appeared that the challenge to her strike would slip through the cracks. This requirement contributes to the making of a sufficient record.

As the district court here observed, "[a] contrary rule in this case would only invite future defense counsel to remain silent for tactical reasons." Garraway v. Phillips, 02 Civ. 9657 (JSR), 2007 U.S. Dist. LEXIS 33482, at *4 (S.D.N.Y. May 4, 2007) (Memorandum Order); see also Galarza v. Keane, 252 F.3d 630, 641 (2d Cir. 2001) (Walker, J., dissenting) ("[T]imely objection provides a record from

12

which appellate courts can better assess the trial court's reasoning, discourages sandbagging and strategic behavior by trial counsel, and provides the prevailing party with notice of the objector's claims of error.").

Our opinion in Galarza v. Keane, 252 F.3d 630 (2d Cir. 2001), is not to the contrary. In Galarza, defense counsel cited five (or six) prosecution strikes of Hispanic members of the venire, and the prosecutor explained his strikes of four of them, adding that he was unaware that one of them was Hispanic. The trial judge ruled: "Since I am satisfied that at least three of them have certain articulable reasons, I am not going to stop the trial. I am not going to force one or all of these people who were challenged to be seated over prosecution's objections." Id. at 634. We held that "the trial court failed to fulfill its obligations under Batson," and that the defense did not commit procedural default by failing to renew the objection. Id. at 640. The root distinction is that in Galarza none of the challenged strikes was overlooked; they were all rejected, three on the ground that the proffered explanation was "articulable," and the rest because the judge determined to go forward with trial despite the lack of an explanation.

13

The trial court clearly was aware of all the challenged strikes.  The defendant did all that was needed to assure that the court had a record on which to rule.  In that event, as Galarza observed, the moving party need not "repeat his or her Batson challenges three times at trial in order to avoid a procedural bar."  Id. at 638.

As Garraway forfeited his Batson challenge, the habeas petition is denied.[2]  See McCrory, 82 F.3d at 1249.  The district court's denial of Garraway's petition is accordingly affirmed.

---

[2] There is some question as to whether we could notice the forfeited Batson challenge and grant plain error review. See United States v. Brown, 352 F.3d 654, 663 (2d Cir. 2003).  However, the Supreme Court observed in Johnson v. California, 545 U.S. 162, 171 n.6 (2005), that a prosecutor's failure to explain a strike is one factor among several to be considered by the trial court in determining whether the strike was racially motivated.  We therefore could not say that the trial court's denial of the Batson challenge--despite the lack of an explanation for the striking of one potential juror--constituted plain error. As there is no evidence of plain error--and no evidence of discrimination--there would be no occasion to consider the "'exercise [of] discretion to notice a forfeited error.'" See Brown, 352 F.3d at 664 (quoting Johnson v. United States, 520 U.S. 461, 467 (1997)).

14