**Affirmed and Memorandum Opinion filed March 7, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00797-CR

**CLEVELAND ERRIC JETSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 1201724**

## M E M O R A N D U M   O P I N I O N

In two issues, appellant Cleveland Erric Jetson challenges his conviction for aggravated robbery, arguing the evidence is legally insufficient and asserting *Batson* error. We affirm.

# I. BACKGROUND

According to the complainant, the following events occurred shortly after noon on January 9, 2009. The complainant withdrew a large amount of cash from the bank and then drove to his parents' convenience store. As he opened his car door, the complainant noticed a man, whom he later identified as appellant, exit a car and approach the complainant's car; a driver remained inside appellant's car. Appellant wore a mask covering his mouth and nose. Appellant pointed a gun at the complainant and demanded his money. After the complainant acquiesced, appellant ran, and the complainant followed in his car. During the chase, appellant was no longer wearing the mask. Appellant stopped and looked at the complainant and acted as though he intended to shoot at him from about 30 feet away. Eventually, appellant's accomplice drove up in a car, and appellant entered. The complainant continued to follow appellant, during which time appellant leaned out of his car and pointed his gun at the complainant. Appellant's car was disabled when it was driven into a curb. Appellant and his accomplice exited the car and fled on foot. An analyst later determined that DNA consistent with appellant's DNA was present on the car's steering wheel and gearshift. In a police photospread, the complainant identified appellant as his assailant.

Appellant's get-away car belonged to his girlfriend. On the morning of the offense, appellant's girlfriend allowed him to use the car after he took her to work. Between 2:00 p.m. and 3:00 p.m., appellant telephoned his girlfriend and told her that he had been standing outside the car when his enemies shot at him, causing him to flee; when he returned, the car had been stolen.

Appellant was indicted for aggravated robbery. During trial, the complainant made an in-court identification of appellant as the perpetrator of the

crime.   The jury convicted appellant, and he was sentenced to 45 years'
confinement.

## II. SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant asserts the evidence is legally insufficient to
support his aggravated robbery conviction.

## A.  Standard of Review

When reviewing sufficiency of the evidence, we view all of the evidence in
the light most favorable to the verdict and determine, based on that evidence and
any reasonable inferences therefrom, whether any rational fact finder could have
found the elements of the offense beyond a reasonable doubt.  *Gear v. State*, 340
S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307,
318–19 (1979)).  We do not sit as a thirteenth juror and may not substitute our
judgment for that of the fact finder by re-evaluating weight and credibility of the
evidence.  *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).  Rather,
we defer to the responsibility of the fact finder to fairly resolve conflicts in
testimony, weigh the evidence, and draw reasonable inferences from basic facts to
ultimate facts.  *Id.*

## C.  Analysis

Appellant contends the evidence is legally insufficient to support a finding
that he was the perpetrator of the robbery.  In support, appellant presents several
reasons why the complainant's identification of appellant is improbable or suspect,
including inconsistencies in the complainant's testimony and the complainant's
ultimate admission on cross-examination that appellant wore a mask at the time of
the robbery which covered his nose and mouth.  However, the complainant
testified he clearly saw appellant's eyes and upper face close up, as well as

3

appellant's uncovered face twice during the chase. The complainant also observed appellant as he exited the disabled car and fled on foot. At trial, the complainant unreservedly identified appellant as the person who robbed him. Further, the uncontroverted evidence showed that appellant was in possession of the get-away car that day. The jury reasonably could have disbelieved appellant's story that the car had been stolen from him, particularly considering he did not tell his girlfriend the car had been stolen until after the car had been disabled and left at the scene of the offense.

The testimony of a single eyewitness can be sufficient to support a conviction. *Bradley v. State*, 359 S.W.3d 912, 917 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). The jury alone decides whether to believe eyewitness testimony, and the jury alone resolves any conflicts or inconsistencies in the evidence. *Id.* Likewise, the jury alone weighs the evidence, and it may find guilt without physical evidence linking the accused to the crime. *Id.*

Appellant cites several cases for the proposition that an eyewitness's identification of a defendant as the perpetrator of a crime based on a single physical characteristic, such as the shape of his eyes, is insufficient. *See Sosa v. State*, 177 S.W.3d 227, 230 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding evidence sufficient to support finding defendant was perpetrator of crimes, despite fact complainant did not describe perpetrator's face, because complainant and an officer identified defendant as perpetrator based on his clothing, build, injuries, and presence at crime scene); *Hutchinson v. State*, 42 S.W.3d 336, 343 (Tex. App.—Texarkana 2001) (holding evidence sufficient to support finding defendant was perpetrator of burglary, despite fact video camera never captured perpetrator's face, because several witnesses who observed the video testified perpetrator had same build and gait as defendant, and hat worn by

perpetrator was found in defendant's truck), *aff'd*, 86 S.W.3d 636 (Tex. Crim. App. 2002); *Lunn v. State*, 753 S.W.2d 492, 495–96 (Tex. App.—Beaumont 1988, no pet.) (holding evidence sufficient to support finding defendant was perpetrator of sexual assault, despite fact perpetrator wore ski mask during assault, because complainant recognized perpetrator's eyes, voice, and word choice as belonging to defendant).

Although the *Sosa* court cited *Hutchinson* and *Lunn* for the proposition, "Identification based on individual's build, when corroborated with additional evidence, can be legally sufficient," 177 S.W.3d at 230, none of these cases expressly stands for the proposition that an identification is never sufficient if based on a single physical characteristic. Regardless, the complainant's identification of appellant was based on more than a single physical characteristic: the complainant testified that he recognized appellant because he has distinctive eyes *and* also observed his uncovered face several times. Moreover, appellant had possession of the get-away car on the day of the incident and did not advise his girlfriend of the purported car theft until well after the car had been disabled following the chase. These facts support the jury's finding that appellant was the perpetrator of the robbery. Accordingly, we hold the evidence is legally sufficient to support appellant's conviction. We overrule appellant's first issue.

### III. *BATSON* CHALLENGE

In his second issue, appellant contends the trial court erred by denying his *Batson* challenge regarding the State's strike of three veniremembers.

### A. Relevant Law and Standard of Review

Under *Batson v. Kentucky*, a party may not exercise its peremptory strikes during jury selection to exclude a potential juror solely on the basis of race. 476

U.S. 79, 85–86 (1986). A defendant objecting that the State has violated *Batson* must make a *prima facie* showing of racial discrimination in the State's exercise of its peremptory strikes. *Herron v. State*, 86 S.W.3d 621, 630 (Tex. Crim. App. 2002). After the defendant makes a *prima facie* showing, a presumption arises that the peremptory strikes were used to discriminate on a racial basis, and the burden shifts to the State to present race-neutral explanations for the strikes. *Id.* Once the State has articulated race-neutral explanations, the burden shifts back to the defendant to prove the State's explanations are actually a pretext for discrimination. *Id.* The trial court then determines whether the defendant carried his burden of proving discrimination. *Id.* The trial court's determination is accorded great deference and will not be overturned on appeal unless it is clearly erroneous. *Nieto v. State*, 365 S.W.3d 673, 676 (Tex. Crim. App. 2012).

## B. Analysis

Appellant, who is black, made a timely *Batson* challenge regarding struck veniremembers No. 6, No. 10, and No. 23, contending they are also black. The trial court asked the State to provide its reasons for striking these veniremembers. The prosecutor offered the following explanations:

- The State struck all veniremembers who did not graduate from high school, including No. 23;

- The State struck No. 6 because he was unemployed[1]; and

- The State struck No. 10 because she had children the same age as appellant.

---

[1] We note that lack of education and unemployment are not inherently discriminatory reasons for exercising strikes and are thus deemed race-neutral. *See Simpson v. State*, 119 S.W.3d 262, 268 (Tex. Crim. App. 2002) (quoting *Purkett v. Elem.*, 514 U.S. 765, 767–68 (1995)); *Brewer v. State*, 932 S.W.2d 161, 165 (Tex. App.—El Paso 1996, no pet.) (recognizing unemployment is not inherently discriminatory reason); *Bridges v. State*, 909 S.W.2d 151, 155–56 (Tex. App.—Houston [14th Dist.] 1995, no pet.) (recognizing unemployment is not inherently discriminatory reason).

At defense counsel's prompting, the prosecutor clarified a few of these reasons. However, defense counsel never argued to the trial court that the explanations were merely pretextual. In fact, defense counsel twice replied "Okay" to the prosecutor's explanations, apparently satisfied with the explanations.

On appeal, appellant contends the State's proffered reasons were merely pretextual and applied disproportionately to the black veniremembers for various reasons. However, because appellant did not offer any argument or rebuttal evidence to the trial court, we hold he did not satisfy his burden of persuasion.

Although the burden of production shifts back-and-forth between the *Batson* challenger and the party who made the challenged strike, the ultimate burden of persuasion never shifts from the challenger. *See Ford v. State*, 1 S.W.3d 691, 693 (Tex. Crim. App. 1999) (quoting *Purkett*, 514 U.S. at 767–68). A defendant's failure to offer any rebuttal to the prosecutor's race-neutral explanations can be fatal to a *Batson* challenge. *See Johnson v. State*, 68 S.W.3d 644, 649 (Tex. Crim. App. 2002); *Chamberlain v. State*, 998 S.W.2d 230, 236 (Tex. Crim. App. 1999) ("Noting the absence of any real rebuttal—for example, that no white venire members with similar views were ignored by the State—we cannot hold that the trial court abused its discretion in finding that appellant failed to carry its burden."). When a defendant fails to offer any rebuttal regarding the State's race-neutral explanations, he fails to satisfy his burden of persuasion. *See Adair v. State*, 336 S.W.3d 680, 690 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

The trial court's denial of appellant's *Batson* challenge was not clearly erroneous when the record reflects that appellant was apparently satisfied with the State's race-neutral explanations. Accordingly, we overrule appellant's second issue.

We affirm the trial court's judgment.

/s/      Margaret Garner Mirabal
            Senior Justice

Panel consists of Justices Boyce, McCally, and Mirabal.[2]

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[2] Senior Justice Margaret Garner Mirabal sitting by assignment.